UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EUGENE CHEN, M.D.; LAS VEGAS )<br>ANESTHESIA, INC.; and EUGENE )<br>CHEN, M.D., P.C., )<br>)<br>Defendants. )<br>) | 2:04-CV-00859-PMP-PAL<br><br>O R D E R |

Presently before the Court is Defendants Eugene Chen, M.D. ("Dr. Chen"), Las Vegas Anesthesia, Inc., and Eugene Chen, M.D., P.C.'s (collectively "Defendants") Motion for Reconsideration (Doc. #31), filed on June 12, 2006. On June 14, 2006, Plaintiff United States filed United States' Response in Opposition to Defendants' Motion for Reconsideration (Doc. #33). Defendants filed a Reply (Doc. #35) on June 28, 2006.

The Court and the parties are aware of the background facts of this matter and the Court will not recount them here.[1] On May 30, 2006, this Court entered an Order (Order dated May 30, 2006 ["Order"] [Doc. #29]) in which it denied Defendants' Motion for Summary Judgment (Doc. #23). The Court found issues of material fact existed as to whether Dr. Chen violated the False Claims Act ("FCA"). Specifically, the Court stated that, based on the services Dr. Chen performed and Dr. Chen's pattern of billing, a

---

[1] For a complete recount of the background facts of this matter, see 2:04-CV-00859-PMP-PAL, Order dated May 30, 2006 (Doc. #29).

reasonable jury could find that Dr. Chen violated the FCA. (Order at 13-17.)

Defendants now move this Court to reconsider its May 30, 2006 Order. Defendants argue the Court's denial of their motion was clear error or manifestly unjust because the Court found there was an issue of material fact regarding whether Dr. Chen knowingly falsely billed Medicare for his services "despite Medicare's prior advice to Defendants that the claims at issue were being billed correctly . . . . " (Mot. for Reconsid. at 2.) The Government responds that Defendants already raised this argument in their summary judgment motion and therefore Defendants are trying to re-litigate the same arguments and issues raised in the summary judgment motion.

Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust. Nunes v. Ashcroft, 375 F.3d 805, 807-08 (9th Cir. 2004). A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled. Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

The False Claims Act provides that a person acts "knowing" or "knowingly" when that person, with respect to information (1) has actual knowledge of the information, (2) acts in deliberate ignorance of the truth or falsity of the information, or (3) acts in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b). No proof of specific intent to defraud is required. Id. The requisite intent is the "knowing presentation of what is known to be false." United States v. Mackby, 261 F.3d 821, 828 (9th Cir. 2001).

Congress amended the FCA to include acting in "deliberate ignorance of the truth or falsity" specifically to address "'the problem of the "ostrich-like" refusal to learn of information which an individual, in the exercise of prudent judgment, had reason to know.'" UMC Elecs. Co. v. United States, 43 Fed. Cl. 776, 793 (Ct. Cl. 1999) (quoting S. Rep. No. 99-345 at 21 (1986), reprinted in U.S.C.C.A.N. 5266, 5286). The reckless disregard

standard addresses the refusal to learn of information which an individual, in the exercise of prudent judgment, should have discovered.  Crane Helicopter Servs., Inc. v. United States, 45 Fed. Cl. 410, 433 (Fed. Cl. 1999).

Nonetheless, "the extent and nature of government knowledge [of a defendant's alleged false claims] may show that the defendant did not 'knowingly' submit a false claim and so did not have the intent required by the post-1985 FCA." United States ex rel. Butler v. Hughes Helicopters, Inc., 71 F.3d 321, 327 (9th Cir. 1995) (citing United States ex rel. Hagood v. Sonoma County Water Agency, 929 F.2d 1416 (9th Cir. 1991)).  For example, in United States ex rel. Wang v. FMC Corp., the Ninth Circuit Court of Appeals found the defendant did not have the requisite intent under the FCA because the Government "knew of [the defendant's] mistakes and limitations, and [the defendant] was open with the government about them."  975 F.2d 1412, 1421 (9th Cir. 1992).

Defendants argue that in Medicare's review of three of Dr. Chen's billings, Medicare either knew Dr. Chen separately billed a consultation and a procedure performed on the same day or instructed him to attach a billing modifier to his bill, allowing him to bill separately a consultation and a procedure performed on the same day.  Therefore, Defendants argue the Government's knowledge negates the intent element of any FCA violation.  The cases to which Defendants cite in support of their argument are distinguishable.[2]  In those cases, the courts held no issue of material fact existed regarding the knowledge element of a claim brought under the FCA because undisputed evidence existed that the Government agencies knew about or instructed the defendants as to each

---

[2] Dr. Chen cites to Butler, 71 F.3d 321, United States v. Medica-Rents, Co., 285 F. Supp. 2d 742 (N.D. Tex. 2003), Wang, 975 F.2d 1412, United States ex rel. Werner v. Fuentez Systems Concepts, Inc., 319 F. Supp. 2d 682 (N.D. W.Va. 2004), United States ex rel. Burlbaw v. Orenduff, 400 F. Supp. 2d 1276 (D. N.M. 2005), United States ex rel. Durcholz v. FKW, Inc., 189 F.3d 542 (7th Cir. 1999), and United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284 (4th Cir. 2002).

1    alleged false claim.[3]

2    Here, Defendants presented evidence purporting to demonstrate the Government's knowledge of Dr. Chen's billing practices on only three occasions. However, the Government presented evidence that creates an issue of material fact as to whether Dr. Chen made false claims on at least thirty-six other occasions. In 2000 and 2002, Medicare reviewed Dr. Chen's billing of three specific claims for consultations involving three patients, Newmark, Witz, and Etebar. (Order at 5.) Each of those three reviews addressed Dr. Chen's billing separately for a consultation performed on the same day as a procedure. (Id.) In two of those cases, upon receiving information from Dr. Chen and the hospital, Medicare was satisfied that Dr. Chen performed the services as billed. (Id. at 6.) In the third case, pursuant to information Dr. Chen submitted, Medicare instructed Dr. Chen to change the billing modifier to reflect the work Dr. Chen asserted he performed. (Id. at 6-7.)

However, a review of thirty-six of Dr. Chen's other cases determined Dr. Chen had failed to demonstrate he performed significant, separately identifiable services, as required by the code Dr. Chen used in billing. (Id. at 7-6.) Based on the alleged deficiencies in the review, the Government brought suit alleging, among other things, that Dr. Chen falsely billed Medicare for consultation services. (Id. at 10.) Thus, the Government does not base its claims on those three instances in which Dr. Chen alleges Medicare knew about his billing practices. Instead, the Government bases its claims on other instances in which it alleges Dr. Chen falsely billed Medicare and Dr. Chen has not presented any evidence demonstrating that no material issue of fact exists as to those other instances. Accordingly, the facts in this case are distinguishable from the facts in the cases to which Defendants

---

[3] See, e.g., Butler, 71 F.3d at 327-29 (the Court discussed each individual alleged false claim to determine whether the Government knew about defendant's claims and determined in those instances where the Government did know about the claim, the intent element of the false claim allegation was not met).

4

1  cited.

2  Furthermore, in this matter, Defendants moved for summary judgment and their
3  burden was to show that no issue of material fact existed that the Government could meet
4  the intent element.  Even if the Government based its suit on those three occasions on which
5  Dr. Chen alleges Medicare knew about his billing practices or instructed him to separately
6  bill, Dr. Chen did not demonstrate that no issue of material fact exists that the Government
7  actually knew about Dr. Chen's billing practices.  The Government produced evidence in
8  opposition to the motion for summary judgment which demonstrated that a genuine issue of
9  material fact existed as to whether Medicare actually knew about Dr. Chen's billing
10 practices because Medicare relied on information Dr. Chen provided.  (See, e.g., Order at 6
11 n.4. ("In its review [of the Witz case] the Western Integrity Center noted that although this
12 claim was paid, the only place where it states a consultation was requested was on Dr.
13 Chen's consultation report.") (citing Defs.' Mot. for Summ. J., Ex. J at 3).)  Accordingly,
14 Defendants have failed to demonstrate that this Court's Order denying their motion for
15 summary judgment was clearly erroneous or manifestly unjust.  The Court therefore will
16 deny Defendants' motion for reconsideration.

17 IT IS THEREFORE ORDERED that Defendants' Motion for Reconsideration (Doc.
18 #31) is hereby DENIED.

20 DATED:  July 31, 2006

_____
PHILIP M. PRO
Chief United States District Judge